## IN THE COURT OF APPEALS OF IOWA

No. 22-1433
Filed November 2, 2022

**IN THE INTEREST OF P.R.,**
**Minor Child,**

**A.G., Father,**
     Appellant**.**
_____

Appeal from the Iowa District Court for Woodbury County, Mark C. Cord III, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

John S. Moeller of John S. Moeller, P.C., Sioux City, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Marchelle M. Denker of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BADDING, Judge.**

A father imprisoned on drug charges appeals the termination of his parental rights to his child—born in May 2021—under Iowa Code section 232.116(1)(b), (e), (h), and (i) (2022).

For starters, the father challenges the State's proof of each of the statutory grounds for termination. We may affirm termination "on any ground we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). As to paragraph (h), the father appears to challenge the final element, which requires proof that the child could not be returned to his care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4); *D.W.*, 791 N.W.2d at 707 (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing"). Yet the father acknowledges he is imprisoned and will remain so for at least the next six months. "Therefore, no opportunity for immediate reunification exists." *See In re S.O.*, No. 22-0210, 2022 WL 1232212, at *4 (Iowa Ct. App. Apr. 27, 2022). As a result, clear and convincing evidence supports termination under section 232.116(1)(h).

Aside from the grounds for termination, the father questions: "Is it in the child's best interests for [his] parental rights to be terminated[?]" He answers, "No," and simply argues he "should be given an opportunity to parent the child." The father admittedly has no relationship with the child. Even though he knew there was a possibility he was the child's father after her birth but before he was incarcerated, the father took no steps to develop a relationship with her. He admitted in his testimony that he has never met the child in person. And he has had only one video visit with her during his incarceration. The child is bonded to,

and integrated into the home of, the maternal relative she has been placed with since birth. The relative intends to adopt the child and her older half-sibling, who are both thriving in her care. With those circumstances in mind, termination of the father's parental rights to allow the child to have permanency in this home is in the child's best interests. *See* Iowa Code § 232.116(2)(b); *In re R.B.*, No. 19-0347, 2019 WL 2524104, at *3 (Iowa Ct. App. June 19, 2019).

All told, we affirm the termination of the father's parental rights.

**AFFIRMED.**